The opinion of the Court was delivered to the following effect, by
* Parker, J.
The question submitted to the Court [ * 486 J in this case is, whether the plaintiffs have made use of due diligence, in demanding payment of the promisor, and in giving notice to the endorser, so as to make him liable. (Here the judge recited the facts from the report of the trial, and proceeded.)
The demand made by Mr. Merrill, on the ninth or tenth of June, was seasonable; for, as the holders of the note lived in Boston, and the promisor and endorser at Wiscasset, a distance of near two hundred miles, a reasonable time should be allowed, after the note became due, to transmit it, the endorsees having a right to wait for payment to them in Boston, before they were obliged to follow the maker to his home, to make the demand.
But this demand was ineffectual for two reasons—1. Because Merrill had not the note with him, to deliver it up on receiving payment; and, 2. Because no notice was given to the endorser of the refusal to pay.
Whenever a demand of payment is made, the person making the demand should have with him the evidence of the debt; for otherwise the debtor may well refuse to pay, on the ground that he has a right to have his obligation or contract, or to see it cancelled, when he is called upon to discharge it. And this rule will especially apply to negotiable securities, which may be legally transferred to another, at the very time the original payee makes his demand of payment.
This rule may admit of exceptions; as, where the security may be lost; in which case a tender of sufficient indemnity would make the demand valid, without producing the security ; and where, from the usual course of business, of which the parties are conusant, the security may be lodged in some bank, whose officers shall demand payment and give notice to the endorser, according to the custom of such banks; the security not being presented at the time of the demand, but the parties being presumed to know where it may be found.
* There is nothing in this case, whereby an ex- [ * 487 ] ception to the general rule can be created. But had this demand been sufficient, still it would not affect the endorser, he having had no notice whatever that it had been made.
The objection to the demand, on the ground that Mr. Merrill had not a letter of attorney from the endorsees, would not have prevailed; a letter, or even a verbal request, from the holders of *408 the note being sufficient to authorize him to make the demand, if he had held the note, and been able to deliver it up on receipt of its contents.
Then the question is, whether the demand made by Merrill, with the original note in his hand, on the 3d of July, 1807, which wanted but one day of being a month after the note became due, and of which, and of the refusal to pay, immediate notice was given to the endorser, in the best manner circumstances would admit of, he being absent at sea, was within a reasonable time, so as to charge the endorser. And we are all of opinion that it was not; there being no sufficient excuse given for so long a delay, a regular mail being- established between Wiscasset and Boston, by which letters may be safely transmitted in a time not exceeding three days.
Even if the mistake of the plaintiffs, in not sending down the note when they directed the first demand, or of Merrill in neglecting at that time to notify the endorser, should have authorized a subsequent demand, in order to charge the endorser, yet no reason whatever can be furnished for suffering twenty-five days to elapse between the two demands. It is important to the interest of the community, that the law, which requires diligence in the holder of securities, to enable him to exact payment, from one who is only conditionally liable, should be strictly enforced.
But the plaintiffs have further relied upon a supposed demand made by a notary at a house in Boston, where the promisor had once boarded. This was altogether nugatory, it appearing from the report that both promisor and endorser lived at Wiscasset; and it not appearing that the promisor had any place of business [ * 488 ] in Boston, or that the note * was payable there. And even if any weight could possibly be attached to this kind of demand, it could not avail against the endorser, for he had no notice of it.
Nor will any supposed acknowledgment of the endorser, that he was liable to pay the note, avail the plaintiffs in the present case. The facts reported do not show any direct promise to pay; and even if they did, it is well settled (2) that a promise under such circumstances, as show an ignorance that the party was legally discharged, is without consideration and void, (a)
We are all, therefore, of opinion, that the verdict must be set aside, and the plaintiffs become nonsuit.

 5 Burr. 2760. — 1 D. & E. 712.— Chitty, 102, ante, 452, Warder & Al. vs. Tucker

 [See note to Warder vs. Tucker, ante, 452, and case there cited, to show that 4 mistake of the law is of no consequence in such a case. — Ed.]