Peck, J.
delivered the opinion of the Court.
This is an action on the case against Thomas Williams, as an indorser of a note executed by Stump and Cox, dated the 6th March, 1819, for $518.07, payable on or before the 13th October then next, payable to the defendant and his partner, and by them indorsed to the plaintiff. At the maturity of said note, on the 16th October, 1819, the same was duly demanded of the makers, and payment thereof refused. On the next day thereafter, a notice of the demand and refusal was put *152 into the post-office at Nashville, directed to the defendant and his partner near Clarksville, Montgomery County, and therein stating that they were looked to for payment. Some time in the same month of October an agent of the plaintiff went to the house of defendant and requested payment on said note, but was answered by defendant that he should not pay unless compelled by law. Defendant and his partner both live in Montgomery County, about sixteen or eighteen miles from Clarksville, near the line dividing said county and Robertson County; the storehouse of the firm of the defendants was on the line between said two counties, and part thereof in each county. When said note fell due there was a post-office within five or six miles from the residence of the partners, at Hunt’s, in the county of Robertson, and about four miles from their storehouse, through which post-office they transacted all their business. They did not transact any of their business through, the Clarksville post-office. The notary in whose hands the note was placed tó demand payment and give notice to the indorsers inquired of John Stump, one of the makers of the note, and of Gordon and Walker in Nashville, as to the place of residence of the defendant, and was advised to direct the notices to them near Clarksville. The plaintiff was at the house and storehouse of the defendants some time in the spring or summer of 1819, before said note fell due, where he stayed several days, and knew where they resided and where their storehouse was. The Port Royal post-office is in Montgomery County; and nearer to the storehouse and private residence of said J. and J.' S. Williams than the Clarksville post-office, but defendant did not transact any business through said office. Clarks-ville is the county town of Montgomery County.
Fogg, for plaintiff,
Contended, on this state of the facts, that due diligence was made use of to give notice to the defendant, and also that due notice was given. Whether due diligence was used to ascertain where notice ought to be sent to an indorser, is a question of fact, though the question of due notice may be a question of law. See, on these points, the case of Bateman v. Joseph, 12 East, 433; 4 Dallas’s Reports, 127, 151; Chapman v. Lipscombe and Powell, 1 Johnson’s Reports, 293, 294; Reid v. Payne, 16 Johnson’s Reports, 219; 1 High. Exch. Rep. 76.
The greatest possible diligence is not, nor can be, required. If reasonable diligence is made use of, the law is satisfied. Chitty on Bills, p. 234, et seq.; case of Hall and Horley v. Robertson; opinion of Judge Todd, Federal Court, Nashville.
Cook, for defendant,
Insisted that the notice sent to Clarksville is not sufficient, inasmuch as the plaintiff in error well knew where defendants in error lived, and inasmuch as there was a post-office near to the place of residence of the defend-
*153 ants, through which they did all their business, and inasmuch as there was also another post-office nearer than Clarksville, in the county where the defendant lived. 12 Johns. Reports, 490 ; 11 Johns. Rep. 231; 16 Johns. Rep. 220; 5 Burr. 541; 7 Mass. Rep. 483; Chitty, 236, note c.; opinion of Judge Haywood in the case of Boyd v. Robertson.
The principal point raised upon this case agreed is, whether or not, upon the fact of want of information, or upon wrong information given the payee, it shall be held sufficient, if he forward the notice of nonpayment to any other than the nearest post-office to the indorser.
Here it is urged he had not information of what was the nearest post-office ; that he resorted to persons in the town of Nashville for information, who directed him to send his letter containing notice to Clarksville, which turns out to be sixteen or eighteen miles from the residence of the indorser, when there was an office within five or six miles of him, through which he had done his business, and did none through the office at Clarks-ville.
Here is presented a case where an indorser is sought to be reached by the payee; while at the same time culpable negligence is imputable to him.
Nashville is distant from- Clarksville about fifty miles. The plaintiff knew the residence of the defendant, and therefore must or ought to have known that such residence was more than one third of that distance from the place to which he directs his letter containing notice of non-payment.
And here it is proper to remark that in the cases cited at bar, where the payee has been excused for not directing to the nearest post-office, the inquiry has been for the person, not the nearest post-office; for the law supposes when the residence of the person is discovered the nearest post-office to him can be ascertained.
It is certainly reasonable that when one undertakes to give notice by the mail, which is not in this country the most certain mode, that he should be well informed of the place, and careful in his direction, to give the most certain and speedy information; because it is a condition on which the law supposes the promise was made, to pay in default of the maker.
The law requires due diligence. If due diligence had been used, it cannot be pretended but that the plaintiff could have ascertained the fact of .a nearer post-office to the defendant. These offices are established by law, and prominent in the geography of the country; maps usually exhibit them. And considering that he knew of the indorser’s residence, could he • not, by resorting to public documents in the post-office of the town where he lived, have fixed much more certainly on the proper direction of his notice than by resorting to information from the first person he may have met in the street ?
*154 His not having resorted to the best means of information may be imputed to him as a mark, if not of negligence, at least of want of due diligence.
The law, to favor the holder, permits the use of the mail instead of personal notice; but in all the cases the general rule is, that the nearest post-office must be resorted to. And where an exception is found, it is because one more remote is used by the defendant in transacting his business.
The personal notice given by the agent, and which appears to have been the first that came to the hands of the indorser, comes too late.
In the case agreed it is stated to have been some time in October. The note fell due, allowing three days’ grace, on the 16 th of October. It was for the plaintiff to show due diligence; having failed in this, judgment must be for the defendant.