Oakley, J.
The defendant, residing in Dutchess County, drew the order in question, in favor of the plaintiffs, on Ring, the captain of a sloop, belonging to the same county, and by whom the defendant was in the habit of sending his produce to the New-York market. The order was not presented to Ring, until nearly six years after its date, and, in the mean time, various settlements of accounts had taken place between Ring and the plaintiffs, in which the plaintiffs were found indebted to Ring; and on one occasion, in a sum larger than the amount of the order for which the plaintiffs gave him their note, which still remains unpaid.
1. If the draft in question is to be considered as an inland bill of exchange, it is very clear, that the lapse of time between the drawing of the bill, and its presentation to the drawee, has been such as to discharge the defendant. Though it does not clearly appear whether the drawer had funds of the defendant, at the time of the drawing of the bill, yet he had a right to expect that his bill would be accepted and paid; and it is in evidence, that it would have been paid, on sight, if it had been presented. Under these circumstances, it" was necessary for the holders of the bill, to present it for acceptance within a reasonable time, and to give due notice of its dishonor to the drawer. [Stark. on Evi. pt. 4. 263.] What is a reasonable time for the presentation of such a bill, is the facts being undisputed, a question of law; [7 Cowen’s R. 705,] and it cannot be doubted, that the bill, in the present case, was not presented in a reasonable time.
2. If the draft in question, is to be considered as a mere banker’s check, (and it seems to me to be nothing more, as it is not negotiable on its face,) then, a presentation of it for payment, at any time before suit brought, is sufficient, unless the drawer has been injured by the delay, [6 Cowen's R. 490. 3 J. Ca. 5. Ibid. 259;] and there is no evidence, in this case, to show, that any such injury has been sustained.
*464 But, whether it be an inland bill or a check, and whether, in either case a consideration is prima facie, imputed by its terms, it is well settled, that as between the drawer and payee, the consideration is open to inquiry. The defendant here contends, that the circumstances of the case show that the draft in question, was for the accommodation of the plaintiffs ; and I am of opinion that, that fact should have been submitted to the jury. The very long delay in presenting the draft, and the repeated settlements which took place between the plaintiffs and the drawee, without any demand of payment of the draft, are facts from which the jury might well have inferred, that they had no. real interest in it, and that it had been given to them, for their accommodation merely.
The Judge having directed a verdict for the plaintiffs, it ought, in my judgment, to be set aside.

New trial granted.

[R. C. Wheeler, Att’y for the plffs. E. Curtis, Att'y for the deft.]