IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF CUMBERLAND, APRIL TERM, 1840.

---

*Mem.* A part of the Cumberland cases of this term, were published in the last volume.

---

## GEORGE WILLIS *vs.* JAMES CRESEY & *al.*

If a negotiable note, indorsed in blank by the payee, be lost by the indorsee, and he afterwards assigns to another his right thereto, the assignee cannot maintain an action at law in his own name upon such lost note.

The thirty-third rule of Court, in relation to the denial of signatures in actions upon bills and notes, applies as well to those which are not produced at the trial, if there be a special count thereon, as to those produced.

ASSUMPSIT on a note of hand, alleged to have been signed by the defendants, for the sum of $769,11, payable to *Sewall Gilbert*, or order, in three years from date, and by him indorsed, and bearing date, *June* 30, 1835. The writ was dated *July* 2, 1838. The money counts were also inserted. The note became the property of *Solyman Heath* in the early part of the year 1836, having then upon it the blank indorsement of *Gilbert*, the payee. In the summer of the year 1837, the note with others, was stolen from *Heath's* office in *Belfast*. After the note was stolen, *August* 10, 1837, *Heath*, in writing, transferred the note and all right in the demand to the plaintiff in payment of a debt, of which the defendants had notice. There was evidence that *Cresey* signed the note, and promised to pay it to *Heath*, while it was in his posses-

sion; but there was no evidence that the other defendants had signed it.

The defendants' counsel contended, that the rule of Court requiring signers of notes to deny the signature, did not apply to notes not produced; and that the signatures of two of the defendants were not proved; that the plaintiff had not proved such a title and transfer as would enable him to maintain the action; and that no suit could at law be maintained upon a lost note. The case was taken from the jury, and submitted to the opinion of the Court, who were to order a nonsuit or default, as law and justice might require.

*W. P. Fessenden*, for the plaintiff, admitted, that the law in *England* was settled in *Hansard v. Robinson*, 7 *Barn. & Cr.* 90, to be against the maintenance of the action at law; and that the law was the same in *New-York*. The decisions in *England* in accordance with *Hansard v. Robinson*, are of modern origin, and are based upon the ground that courts of law cannot order an indemnity. 2 *Campb.* 211; 3 *Campb.* 324. Formerly in *England* actions at law were maintained on lost notes. 1 *Vesey*, 345; 2 *Vesey*, 38, 41; 1 *Story's Eq.* § 81, 97. It is manifest, that Judge *Story* considers, that an action at law is maintainable upon a lost note. The law in this country is in favor of sustaining such suit. *Anderson v. Robson*, 2 *Bay*, 495; *Mecker v. Jackson*, 3 *Yeates*, 443; *Peabody v. Denton*, 2 *Gallison*, 351; *Freeman v. Boynton*, 7 *Mass. R.* 483; *Fales v. Russell*, 16 *Pick.* 315; 2 *Wash. C. C. Rep.* 97, 172; 9 *Wheat.* 581; 5 *Peters*, 699. Several instances were adverted to in which the law is clearly settled in *Massachusetts* and *Maine*, as was contended, differently from that in *New-York*, and reasons assigned why it should be so in this case.

The suit can be maintained in the name of the assignee of a negotiable note, actually negotiated, although he never had the possession. The counsel gave a history of the decisions on which choses in actions have been held to be assignable, and adverted to the principles on which they were founded. The result was, that in point of fact, all choses in action are equally assignable, but the assignees are not in all cases in the same position with regard to the commencement of suits. For the benefit of trade, bills and

notes became not only assignable, but when on their face nego-tiable, an action might be brought in the name of the holder.  In other cases the assignee must institute his suit in the name of the assignor.  Even this rule is confined to legal proceedings.  In equity, all assignees stand on the same footing with regard to the commencement of suits.  8 *T. R.* 595; *Lenox* v. *Roberts,* 2 *Wheat.* 373; *Story's Eq. Pleadings, Parties.*  The paper on which the note is written, is only the recognized evidence of the thing in action.  The thing in action is the debt.  The loss of the note does not destroy any of the incidents of the thing; but that with all its incidents and privileges exists, and passes with its nego-tiable quality to the purchaser, who may well bring the suit in his own name.

*Codman & Fox,* for the defendants.

No action can at law be maintained on a lost note.  *Chitty on Bills, (8th Ed.)* 291; *Davis* v. *Dodd,* 4 *Taunt.* 602; 3 *B. & B.* 295; 4 *Esp. R.* 159; 3 *Campb.* 324; 2 *ib.* 211; *Holt's N. P. Cas.* 144; *Bayley on Bills,* 416; *Hansard* v. *Robinson,* 7 *B. & Cres.* 90; 3 *M. & Selw.* 281; 4 *Price,* 186; 6 *Ves.* 812; 10 *Johns. R.* 104; 3 *Cowen,* 303; 3 *Wend.* 344; 8 *Conn. R.* 431.  A court of law is incompetent to require a bond of indem-nity.  1 *Story's Eq.* § 82.  The party is entitled upon payment of such note to have it delivered up to him as a voucher for its payment and extinguishment.  1 *Story's Eq.* § 86.  If the note thus lost comes into a *bona fide* holder's hands, he will sustain an action upon it.  1 *Burr.* 455; 3 *Burr.* 1516; 4 *Esp. R.* 56; *Dowl. & Ry.* 50.

The assignment of a negotiable note gives the assignee *only* an equitable interest in the note; the legal property still remains in the assignor, and the assignee cannot maintain an action in his own name.  *Day* v. *Whitney,* 1 *Pick.* 502; *Mowry* v. *Todd,* 12 *Mass. R.* 284; *Skinner* v. *Somes,* 14 *Mass. R.* 107; *Jones* v. *Witter,* 13 *Mass. R.* 304; *Dunning* v. *Sayward,* 1 *Greenl.* 367; *Thomas* v. *Titcomb,* 5 *Greenl.* 282; *Bradford* v. *Bucknam,* 3 *Fairf.* 15; 9 *Conn. R.* 94; 7 *Cranch,* 273; 2 *Ham.* 56; 18 *Martin,* 15; 15 *Johns. R.* 247; *Taylor* v. *Binney,* 7 *Mass. R.* 479.

The opinion of the Court was by

EMERY J. —— We apprehend that the rule of court, requiring signers of notes to deny the signature, does apply to notes not produced, when the action contains a count upon the particular note or notes alleged to be lost. No exception on account of the note being lost is contained in the rule, and we do not perceive that there ought to be. The defendant is supposed to know whether he gave the note or not, and should be held to make his election in season to admit or deny the signature, so that no surprize should be occasioned to the party seeking to recover.

The note in question was by the defendants given to *Sewall Gilbert,* or order, on the 30th of *June,* 1835, for $769,11, payable in three years from the date with interest, indorsed by *Sewall Gilbert* in blank, in the early part of the year 1836.

It was thus in a situation to pass to any one who came fairly to the possession of it for a valuable consideration.

But were the suit in *England* or *New-York* in the name even of *Heath,* the decision would be directly against *Heath's* claim, because upon a lost negotiable note *there* indorsed, not proved to be destroyed, an action is not to be sustained at law. Even in *England,* some redress seems attainable in such cases, in a Court of Equity, because there it is said, that Court has sufficient means whereby it can fix upon the extent of the indemnity which must be furnished from the plaintiff to the defendant against the eventual hazard to which he may be exposed on the call of a *bona fide* holder for valuable consideration of the lost negotiable security.

In *Massachusetts* it is well settled, that redress may be had at law. In *Freeman* v. *Boynton,* 7 *Mass. R.* 483, *Parker* Justice, says, where the security may be lost, a tender of sufficient indemnity would make the demand valid without producing the security. In *Peabody* v. *Denton & al.,* 2 *Gal.* 351, a recovery was permitted upon a note of which the plaintiff claimed to be indorsee, dated in 1797. The trial was in 1815. It was sustained before *Story,* Justice, and held, that after so great a lapse of time, it was incumbent on *the defendants* to show either that the note existed, or that it had been demanded of them; and that it must be presumed that no demand would now be made. Authority for the testimony of the plaintiff that the note was not in his possession or control, and

the like for that of the indorser of the writ, is found in *Donnelson* v. *Taylor*, 8 *Pick.* 390, and it was there said, that judgment would be rendered on filing sufficient bond of indemnity to save harmless from any future claim.

A more extended opinion was given on the subject in *Fales & al.* v. *Russell*, 16 *Pick.* 315. The suit was by the indorsees who were the holders of the two notes when they were stolen from them. The declaration contained only the general counts, none on the notes. But the case was before the Court on an agreed statement of facts, to this extent and more. The notes had never been paid or heard of by either plaintiff or defendant. Immediate notice was given to the defendants of the theft, with a request not to pay the notes to any person but the plaintiffs or to their order in writing separate from the notes. Notice of the theft was also given in the newspapers, with proper caution to all against buying them. The plaintiffs too had offered to indemnify the defendants, if they would pay to them the amount due on the notes.

The Court were of opinion, that on filing a sufficient bond of indemnity, with sureties, the plaintiff would be entitled to recover.

In this State the question has not before been directly presented to this Court.

In the masterly opinions of the *Lord Chancellor*, in the case of *Walmsley* v. *Child*, 1 *Vesey*, 345, and in *Gwin* v. *Bank of England*, 2 *Vesey*, 38, 41, there is a manifest preference, that the matter should be decided at law. The bill in the first case was dismissed for that reason. It was a goldsmith's note, payable to *Walmsley*, or bearer, and in *Gwin* v. *The Bank of England*, the *Lord Chancellor* proposed to retain the bill, in order to give an opportunity to try the matter at law. If that was declined, the bill was to be dismissed. It seemed to be considered, that as soon *as the affidavit of loss was received*, the jurisdiction was changed from the Court of law to the Court of Equity. The Courts of law here have allowed this preliminary step to be taken before themselves, " without usurping the powers of a Court of Equity." *Taylor* v. *Riggs*, 1 *Peters*, 591, and cases cited by *C. J. Marshall*. Without however deciding the point as to sustaining an action at law on a lost negotiable security generally, we proceed now to inquire, how shall we deal with the present case, in conformity

with what has already been settled? It is a rule that the plaintiff should make title to the negotiable security by having it delivered to him, or indorsed to him. It has been held, that an order on a different paper is not equivalent to an indorsement on the note. This note having been rightfully once indorsed in blank, was properly holden by *Heath*. He was the bearer of it when it was lost. But the present plaintiff never saw the note. It was never delivered to him. And not till after its loss does there commence any negotiation between him and *Heath*. *Heath* never had possession of it as agent or attorney for the plaintiff.

We believe to give countenance to the present suit, would be going so much further than decided cases warrant as to negotiable paper, lost before it is payable, and before any pretence of claim or interest set up by the plaintiff, that we think the plaintiff cannot recover. Thus far there is unanimity in our conclusions.

*Plaintiff must be nonsuit.*