Mr. Justice Sharkey,
delivered, the opinion of the court.
The question in this case is, as to the sufficiency of the demand and notice of nonpayment of a promissory note, to bind the indorser. The note was payable at the branch of the Union Bank of Tennessee, at Jackson. On the trial, the depo-. sition of the notary public, and the deposition of his clerk were introduced, after the protest had been read to the jury. The protest was objected to, but admitted.
It appears, both from the depositions of the notary, and the clerk, that the only agency the notary had in the matter, was to affix his name to the protest, prepared by the clerk. The clerk did everything else. The notary states that it was the business of his clerk to make demand, and give notices of nonpayment. On the protest, is a memorandum signed by the clerk, which was also read, by which he certifies that he “ delivered notice to the maker and last indorser in person, and left one at the residence of Lemuel Smith, he being absent.” The protest and memorandum were improperly admitted for several reasons. A protest, except in the case of a foreign bill of exchange, is not evidence of anything; certainly it is not evidence of the demand in case of a promissory note/for ^the law does not require that it should be protested. But it was also defective on its face; it states that payment was demanded, but says nothing as to presentment. A demand, to be val id, must be accompanied by a presentment, Tor the maker is not bound to pay unless his note can be lifted. A lost note would con- *483 stitnte an exception. Freeman v. Boynton, 7 Mass. Rep. 483. Carmichael v. Bank of Pennsylvania, 4 Howard, 567. But if it contained a statement that the note had been presented, still it should have been ruled out when its true character was disclosed by the evidence, or at least, the jury should have been told to disregard it, because it is a false certificate. The notary certifies that he made demand, but it was in proof that he did not; it was made by his clerk. A notary cannot act through a clerk, unless there be some provision in the laws of Tennessee authorizing it, as to which we are not informed. Carmichael v. Bank of Pennsylvania, above cited.
But as a protest was not necessary in this case, if there was any evidence of a legal demand, the admission of the protest might be regarded as an immaterial circumstance; but there is no such proof. The notary states that he made no demand, that it was the business of his clerk to do so. The clerk in his deposition says, “I made the demand, Martin Cartwell made the protest, and I gave the notices as stated in my answer to direct examination.” This is the only evidence of demand. Now suppose that a mere demand, without presentment, should be deemed sufficient, still this evidence does not show how, when, where, or of whom the demand was made. The clerk does not even state that he made the demand at the time, and in the manner stated in the protest. This evidence is too uncertain and unsatisfactory, to entitle it to be received as proof, of a demand. So that apart from the protest, there is nothing which shows a compliance with' the law. If the protest could be allowed to* aid the testimony,, still that falls short of the legal requirement, in not stating a presentment of the note.
This note was payable in bank, and if there was any proof showing that it was in the bank on the day of its maturity, that circumstance might amount to a sufficient presentment, but there is none. The cashier of the bank was examined, who stated that Gibbs paid the protest fees, when he withdrew the note, which had been deposited for collection, but when so deposited or when withdrawn, does not appear. The cashier *484 says that he had no recollection as to who made the demand. As there was no evidence by which the liability of the indorser was legally established, the motion for a new trial should have been sustained.
Judgment reversed, and new trial awarded.
Judge Clayton, having been counsel, gave no opinion.