CHARLES A. GILMORE *versus* ANDREW MCNEIL & *al.*

The officer to whom an accountable receipt is given, for property attached by him, must have the receipt with him when he demands the property, so that he may be able to surrender it to the receipter; otherwise the demand will be insufficient to render the receipter liable in an action thereon.

But it is not necessary, in such case, that the officer should exhibit the receipt, or make any actual offer to surrender or discharge it. It is sufficient, if he have it *with him*, so that he is able to give it up to the receipter, upon a delivery of the property.

Where a receipt is in the usual form, it is not necessary that the officer should have the execution in his possession, to make a demand for the property sufficient; such a demand may be made, even before judgment is rendered.

Though the instructions to the jury are technically accurate, yet, if they are calculated to mislead the common and ordinary mind, not conversant with legal terms and phrases, the verdict will be set aside.

EXCEPTIONS to the ruling of APPLETON, J.

The case was ASSUMPSIT, upon a receipt given by the defendants to the plaintiff, for property attached by him, as sheriff of the county of Penobscot, upon a writ against McNeil, in favor of John A. Wallis. The defence was that there was no sufficient demand within thirty days from the rendition of judgment. The plaintiff testified to such a demand, he having the execution and also the receipt " with him" at the time of the demand. The presiding Judge instructed the jury, upon special inquiry by the foreman, that, in order to constitute a valid demand, " the officer must have the execution and the receipt *in hand,* in order that, if the property be surrendered, he may surrender the receipt."

The jury returned a general verdict for the defendants, with a special finding that there was no demand.

*Godfrey & Shaw,* for the plaintiff.

*Peters* argued for defendants, making the following points:

1. The plaintiff has not suffered by the instructions. The case shows the plaintiff had the execution and the receipt in hand at the time of the demand. The ruling went no further

than the proof. The particular language used would never have been thought of, if the case had terminated differently.

2. The jury found that there was "*no* demand." If *none*, the question of its sufficiency, and the instructions of the Court thereon, are immaterial.

3. The phrase "in hand," means simply "in possession." Such is the general use of the words. See Webster's Dictionary: "hand," "possession." As, "the estate is *in the hands* of the owner. The papers are *in my* hands." See also Eastman's Digest, p. 335, items 5 and 9.

4. But, even upon a more critical view of it, the ruling was correct. The officer should have had the receipt in hand, in order to surrender it. Bouvier's Law Dictionary, "demand," 10, and the numerous cases there cited.

So, also, the officer must have had the execution in his hands at the time, upon which to seize the property, if it had been surrendered. An officer is not only bound to have his precept with him; he is always bound to exhibit it if required to do so. Howe's Practice, 152, and cases cited.

The opinion of the Court was drawn up by

CUTTING, J. — This action is founded on the defendants' accountable receipt to the plaintiff, sheriff of the county, for property by him previously attached on a writ in favor of one Wallis, and against McNeil. The receipt is not made a part of the case, and we have no knowledge of its tenor, except that it "specified that a demand on one should be a demand on both," but we may assume that it is in the usual form of receipts to officers for the safe keeping and delivery of attached property on demand.

It appears that the plaintiff testified that he made a demand on McNeil within the thirty days after judgment, and that he had the receipt and execution with him at the time. This evidence, if believed, was sufficient to have authorized the jury to return a verdict for the plaintiff. The law is well settled, in *Freeman* v. *Boynton*, 7 Mass. 483, "that, whenever

a demand of payment is made, the person making the demand should have with him the evidence of the debt; for, otherwise, the debtor may well refuse to pay, on the ground that he has a right to have his obligation or contract, or to see it cancelled when he is called upon to discharge it." See, also, *Shaw* v. *Reed,* 12 Pick. 132. But the verdict, it seems, was rendered for the defendant, and we must conclude that the jury either disregarded the plaintiff's testimony, or were improperly instructed by the presiding Judge in a matter of law. The plaintiff contends, as a person placed in his situation very naturally would, that the error was in the Judge, who, in answer to a question by the foreman as to what constituted a demand, replied " that the officer must have the execution and the receipt in hand, in order that, if the property be surrendered on demand, he may surrender the receipt," &c. Hence, the question arises as to what the jury understood by the words *in hand.* It is urged in argument, by the defendant's counsel, that their fair import is the same as *in his possession,* or *on hand,* and that such construction is inferable from what follows, viz.: — "in order that the property may be surrendered," &c. To one conversant with legal terms and phrases, such might be deemed the fair interpretation; but, would it be so to the common and ordinary mind untrammeled by the nice distinctions and technicalities of the law ? The plaintiff had previously sworn that, when he made the demand, he had both execution and receipt *with him;* and it seems that the foreman wished to satisfy himself whether *" with him"* was sufficient. He undoubtedly argued to himself in this wise — if the execution and receipt were *with him,* still they might have been concealed from the observation of the person on whom demand was made, and I wish to know whether it be necessary that they should be exhibited, taken from his pocket and presented for inspection. Hence, he ventures the inquiry and asks the Court for instruction on this point, and when he receives it *" in hand,"* he thereupon, probably, said to his fellows, "this is as I supposed, they must be in hand so as to be exposed to view; the defendant ought to

have seen them, of which, there is no evidence, and consequently there has been no legal demand," and thereupon he conscientiously signs and returns his verdict, which, according to the construction of the defendant's counsel, convicts the plaintiff of perjury, but of no such thing, according to the jury's construction of the language of the Court. A verdict cannot stand based upon an instruction so well calculated to mislead a jury. The learned Judge had, no doubt, the true legal idea in his mind, but was unfortunate in his communication.

*Again*, the Judge instructed that not only the receipt, but also the execution must be in hand. If the receipt was in the usual form, the presence of the execution would be unnecessary; a demand might have been made even before judgment. And, in this particular, there was error.

*Exceptions sustained, and verdict set aside.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.