## JOSIAH C. ARNOLD *vs.* HENRY DRESSER.

In order to charge an indorser of a joint note, a demand must be made upon all the promisors by some one who has the note with him at the time, unless special circumstances are shown to excuse its absence.

Such demand is not waived by a promise by the indorser to pay the note, if at the time of making the promise he is erroneously informed by the holder that a due demand has been made upon the promisors.

CONTRACT against the indorser of a joint promissory note.

At the trial in the superior court, before *Morton,* J., it appeared that on the day when the note became due, Theodore S. Stratton, in behalf of the plaintiff, demanded payment thereof of the two promisors, but did not have the note in his possession at the time ; and the note was not paid. The plaintiff testified that on the same day he called upon the defendant, and gave notice to him that demand had been made on the makers ; that one of the makers called during the interview, and both he and the defendant said that the note should be paid soon.

Upon this evidence, the judge ruled that the plaintiff was not entitled to recover, and directed a verdict for the defendant, which was accordingly rendered, and the plaintiff alleged exceptions.

*H. W. Bishop,* for the plaintiff.

*J. E. Field,* for the defendant.

BIGELOW, C. J. The defendant is not liable as indorser of the note declared on. In order to charge him it was necessary for the plaintiff to show due presentment and demand of the note on both the promisors; *Union Bank of Weymouth, &c.* v. *Willis,* 8 Met. 504 ; or a waiver thereof by the defendant. There were no such presentment and demand. If a note is made payable at a particular place. the holder must have it at that place on the day of its maturity, in order to make due presentment ; if it is not payable at a designated place, the note must be presented to the promisor at his usual place of business or at his dwelling-house. But no valid presentment and demand can be made by any person without having the note in his possession

at the time, so that the maker may receive it in case he pays the amount due, unless special circumstances, such as the loss of the note or its destruction, are shown to excuse its absence. *Shaw* v. *Reed*, 12 Pick. 132. *Freeman* v. *Boynton*, 7 Mass. 483.

Nor was there any waiver of due demand by the defendant. No such waiver is made, where an indorser promises to pay the note in ignorance of the fact that he has been discharged by the laches of the holder, in not making due demand of the promisor, or where such promise is made under a misapprehension or mistake of facts concerning the due presentment and demand of the note. *Low* v. *Howard*, 11 Cush. 268. *Kelley* v. *Brown*, 5 Gray, 108. In the case at bar, the defendant made the statement on which the plaintiff relies to show a waiver, not only in ignorance of the fact that the note had not been duly demanded of one of the promisors, but under a mistaken belief that it had been so demanded, induced by the false statement to that effect made to him by the plaintiff.　　　　　　*Exceptions overruled.*