### AI BROOKS *vs.* ARNOLD BLANEY.

*Promissory note. Indorser, demand on. Evidence, notice to produce. Notice.*

The presentment and demand of payment of a promissory note at a former place of business, or former residence of the maker, are not sufficient to charge the indorser.

But presentment and demand of payment at the maker's residence on the day the note falls due, is a sufficient presentment and demand, though he is not found at home.

It is competent for the notary who protests the note to testify to the contents of the notice, sent by him to the indorser, though no notice has been given to the indorser to produce such notice at the trial.

It is not necessary to name the payee of the note in the notice to an indorser who is himself the payee, provided it contains other matters descriptive of the note, sufficient to identify it and to charge the indorser.

ON REPORT.

ASSUMPSIT upon a note dated May 1, 1869, for $250, signed by Cyrus Smith, payable in six months from date to the order of Arnold Blaney, which came to the plaintiff as indorsee thereof. The defendant pleaded the general issue, and the case was then submitted to the full court upon the note, notarial protest and the deposition of the notary, to enter such judgment as the case required. The protest alleges a presentment of the note on the last day of grace, at "the late place of business of the signer of the note." In his deposition the notary says he inquired for Smith

at his last place of business in Boston, but could not find him there, nor learn his whereabouts, but that he presented the note for payment at that place. He says he then looked in the directory "and found where he (Smith) resided;" went to the house indicated and "did not find the promisor in. I presented the note and asked if the promisor was in, and if any money was left for the note. The answer was that he was not in, don't know where he is, and that there was no money left. That is all the information I got there." He then sent the defendant a notice, the contents of which sufficiently appear in the opinion of the court. It did not give the name of the payee of the note, as payee.

*Frye, Cotton & White*, for the plaintiff.

*A. Libbey*, for the defendant.

BARROWS, J. A protest setting forth a presentment "at the late place of business" of the promisor "to the person there in charge," who answers the demand of payment by saying, "the promisor is not here now, nor have we any funds for the note," is not sufficient proof of presentment and demand to charge an indorser.

Failing to find the present place of business or residence of the maker of the note, the notary should seek him elsewhere. *Freeman v. Boynton*, 7 Mass., 483.

In the present case the notary testifies that after making further and diligent search and inquiry for him at several places mentioned, in Boston, where the note was dated, and after visiting another person of the same name whose place of business was near by, he ascertained by the directory where the maker of the note resided, and went to his residence as there indicated and inquired if the promisor "was in," and received an answer in the negative; and, to further inquiry, that the person answering did not know where he was— that he presented the note, but was informed that no money was left to pay it. He further testifies that he notified the indorser, and states the contents of the notice which he sent. No testimony is offered by the defendant; but his counsel suggests that the tes-

timony of the notary fails to prove a proper presentment and demand of payment; that it does not appear that the place indicated in the directory was the actual place of residence of the promisor at the time the note fell due. But we think in the absence of any testimony tending to repel the inferences to be drawn from the acts of the notary and the replies which he received at the place which he speaks of as the promisor's residence, it may be fairly concluded that the demand was made at the place where the promisor then resided, and that sufficient effort to find his place of business, and present the note to him personally was previously made.

Where no place of payment is specified on the note a presentment at the residence of the maker will suffice, even though he be out of town at the time. *Moodie v. Morrill*, 1 S. C., 367; see also *Whittier v. Graffam*, 3 Maine, 82. The defendant also objects that the evidence of notice is insufficient. If the case rested upon the defective protest, it would be; for the protest, as we have already seen, shows no proper presentment and demand, and a notice of the facts set forth in the protest would be insufficient to charge the indorser. A notice which showed only a defective presentment and demand ought not to avail to charge the indorser any more than one which like that in *Page v. Gilbert*, 60 Maine, 485, said nothing about it.

But it is competent to prove the contents of what was in the outset a mere notice to the adverse party, without giving him notice to produce it in order to make the secondary evidence admissible. *Lindenburger v. Beal*, 6 Wheaton, 104. And the notary testifies that the notice addressed to the defendant ran thus: "A promissory note for two hundred and fifty dollars, dated Boston May 1, 1869, signed by Cyrus Smith, payable six months after date, and endorsed by yourself, has been presented for payment and no funds obtained for the note, and it is due this day and protested for non-payment; and payment with interest, costs and damages is due from you. Done at the request of the National Bank of Commerce in Boston.

The defendant objects that the notice does not state the name of the payee. But there is a description sufficient to identify the note and show the defendant's liability.

The defendant's silence affords an inference that the notice was duly received, and that it corresponded to the notary's testimony respecting its contents.

He seems to have had such immediate notice as enabled him to pursue the promisor at once, if pursuit would have availed anything, and to have rebutted the plaintiff's evidence of presentment and demand, had the facts permitted. *Union Bank v. Stone,* 50 Maine, 595. *Defendant defaulted.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.