By the Court.—Monell, J.
The check which the defendant undertook to collect, as the agent of the plaintiff, having been lost, the latter, as soon as he was apprized of the loss, had a right of action upon it as upon a lost instrument, upon giving notice of the loss to the drawer and tendering a sufficient indemnity. The loss of the check, and the consequent inability of the holder to make a presentment, did not relieve the drawer of his liability to the holder. If it was necessary to go-through the forms of demand and protest, that duty rested upon the plaintiff and not upon the bank. Immediately upon receiving notice of the loss, the plaintiff was bound to give notice to the drawer, and to do all that he was required to do to fix the liability of the drawer; then, upon an offer of indemnity, he could have legally demanded payment (2 Pars, on Con. 262; Freeman v. Boyston, 7 Mass., 483, 486).
*512 It is clear, therefore, that if the plaintiff took the proper steps to fix the liability of the drawer of the check as upon a lost instrument,' there was' a present indebtedness from him to the plaintiff on the 18th of November, to the amount of the lost check.
That was the legal status of those parties on that day.
The question then arises, whether the subsequent payments made by Merritt should operate as a payment or satisfaction of such indebtedness.
On the 21st and 25th of November Merritt paid to plaintiff the aggregate of five hundred and seventy five dollars, a sum sufficient to satisfy or pay his indebtedness upon the lost check. At that time there was no other debt dxoe from Merritt to the plaintiff. Neither party made any specific appropriation of the money at the time, but afterwards other checks of Merritt which the plaintiff had cashed having been returned protested, the plaintiff made an appropriation of the $575 towards the payment of these checks.
The law in regard to the appropriation of payments is this: The debtor may direct its application to any debt. If he makes no application, the creditor may apply it to any demand. If neither makes any specific application, the law will apply it to the eldest claim (2 Pars, on Cont. 144, 145).
No appropriation or application of the money paid by Merritt was made by either party at the time of payment. It could not be applied afterwards to the prejudice of other parties.
Not only under the rule I have stated was the application due to the debt evidenced by the lost check as being the oldest debt, but it was in fact the only debt due at the time of payment, and therefoie entitled to a priority (Stone v. Seymour, 15 Wend. 19). The plaintiff could not wait, after the payment, until another debt became due, and then apply the payment to the extinguishment of the newly created demand, leaving *513 the previous demand unpaid (Baker v. Kauffman, 9 Cow. 420).
I am satisfied, therefore, that the defence of payment was sustained hy the evidence, and should have prevailed at the trial.
I am also of the opinion that the learned justice was in error in respect to the other branch of the case.
His conclusion of law is “ that by reason of the negligence of the defendant in not discovering the loss of the check prior to November 15th, 1868, and in not notifying the plaintiff thereof until November 18th, 1868, and in not having demanded payment of the check from the Portchester National Bank as of a lost check, the defendant, upon the facts found, became liable to the plaintiff for the full amount of the said check.”
It is doubtless true that the defendant, having undertaken to collect the check, is to be held liable for all injury caused by its negligence. It was not responsible for the loss of the check; nor was it, in my judgment, bound to make presentment of it as a lost check. It seems to me that its only duty to the plaintiff was to ascertain within a reasonable time that the check had not reached its destination, and then to give notice to him of the loss. All duty in respect to it then passed to the plaintiff, who was bound to tender to the drawer a suitable indemnity and demand payment of the lost instrument. For any negligence of the defendant, in not duly ascertaining the loss of the check, it would be liable, as already said, for any injury that might thereby be caused to the plaintiff.
At the time the plaintiff received notice from his agent, the defendant, of the loss of the check, namely, on the 18th of November, the drawer of the check was solvent and able to pay. On that and the succeeding day his balance in bank was much more than sufficient to pay the check, and there was no proceeding against his property until the 28th of November. The plaintiff, *514 therefore, could hy diligence have enforced his claim against the drawer of the check, and prevented a loss. And had he, as I think he should have done, demanded payment of Merritt, with an offer of indemnity, it is probable the money would have been paid. At any rate, he had an immediate cause of action for the recovery of the amount.
The error of the learned judge was in enlarging the duty of the defendant beyond that of giving notice of the loss of the check, for he says it was also negligent in not demanding payment as of a lost check. That was no part of its duty, but if any demand was necessary, it devolved upon the plaintiff’ to make it after he was apprized of the loss.
The defendant undertook merely to collect the check, and was bound to reasonable diligence only. The loss of the check was not attributable to any act of the defendant, and imposed no other obligation than to give notice of the loss. If it negligently omitted reasonable diligence in discovering the loss, for that neglect it may be liable, provided the plaintiff was injured by reason of it; but that is the limit and extent of its liability.
But I do not think any presentation was necessary, as the omission to do so would have been no defence by the drawer, unless he could have shown some injury (Etting v. Shook, 2 Hall, 459 ; Conroy v. Warren, 3 John Cas. 259).
For both the reasons above assigned I think the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.
Freedman, J., concurred.