## Case No. 2,936.

### CODMAN et al. v. VERMONT & C. R. CO.

[17 Blatchf. 1.][1]

Circuit Court, D. Vermont. Aug. 5, 1879.

JURISDICTION—ACTION BY ASSIGNEE OF NOTE—PROTEST—NEWLY-DISCOVERED EVIDENCE.

1. The decision in Codman v. Vermont & C. Co. [Case No. 2,935] adhered to.

2. This suit being against the endorser of the notes, and the endorsement having been filled up when it was made, and ordering the contents of the notes to be paid to the bearer, and this having been done before the notes were put into circulation, the contract of the endorser was with the bearer, and no disability of the bearer to sue, as an assignee, could arise under section 11 of the judiciary act of September 24, 1789 (1 Stat. 79), now section 629 of the Revised Statutes.

3. It was of no consequence that the notary protesting the notes did not have the notes, as well as the coupons, to present for payment, at the time of making demand of payment.

4. Evidence which counsel did not, on a trial, think would be material, and did not know of and so did not obtain, although it might easily have been discovered, will not, generally, be allowed to furnish ground for a new trial, although its materiality may arise from the views of the court in deciding the cause.

[This was an action of assumpsit by Robert Codman and Henry A. Johnson against the Vermont & Canada Railroad Company.]

Plaintiffs, in person, and with them William G. Shaw.

Edward J. Phelps and Francis A. Brooks, for defendant.

WHEELER, District Judge. After the opinion heretofore filed in this cause was delivered, (16 Blatchf. 165 [Case No. 2,935]), and before judgment, the defendant moved for a new trial, for the purpose of introducing new evidence, to the effect that the notary making the protest conceded did not have the notes themselves, ·as well as the coupons, to present for payment, at the time of making demand of payment, and moved that the cause be dismissed for want of jurisdiction in this court. The cause has been further heard upon these motions.

The objection to the jurisdiction rests upon the proviso to section 11 of the judiciary act of September 24th, 1789 (1 Stat. 79, now Rev. St. § 629), which is: "That no circuit court shall have cognizance of any suit to

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

recover the contents of any promissory note or other chose in action, in favor of an assignee, unless ·a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange." These are not foreign bills of exchange. The makers and payee were citizens of the same state, the notes themselves were made payable to order and not to the bearer, so that no suit could be brought against the makers, upon them, by any one but the payee, without an endorsement, which would be an assignment, and, as to suits against the makers, they come precisely within the terms of that proviso. Gibson v. Chew, 16 Pet. [41 U. S.] 315; Dromgoole v. Farmers' Bank, 2 How. [43 U. S.] 241. It was settled early, that notes payable to bearer were payable to any one, and not affected with the disabilities of the original holder, under this statute. Bank of Kentucky v. Wister, 2 Pet. [27 U. S.] 318; Smith v. Clapp, 15 Pet. [40 U. S.] 125; White v. Vermont & M. R. Co., 21 How. [62 U. S.] 575. This suit is against the endorser and not the payee. The endorsement was filled up when it was made, and ordered the contents of the notes paid to the bearer. The evidence showed that this was done before the notes were put into circulation at all. The contract of the endorser was with the bearer, who might be anybody, so that no assignment of that liability would be necessary, and no disability of the original payee to sue would follow the cause of action arising upon that liability. This is expressly stated by Mr. Justice Clifford to be the law, in Lexington v. Butler, 14 Wall. [81 U. S.] 282, 293. The objection to the jurisdiction, although not out of time, even at this late stage of the case, cannot prevail.

The defendant professes to wish to introduce the new evidence to add to the facts conceded, and not to contradict the terms of the concession. The evidence itself is newly discovered in fact, but might easily have been discovered before trial, if it had been thought that such evidence would be material; but it was not so thought by those having charge of the defence. They claim that the views of the court make it appear to be material, and that, therefore, they ought now to have an opportunity to avail themselves of it. It is quite clear that the defendant has no right, upon any legal grounds, to have the case opened now for that purpose. If parties could first put in enough of their case to get the opinion of the court, and then have an opportunity to make a case to fit the opinion, the administration of justice would be much protracted and large opportunities opened for abuse, although it is but just to say, that, in this instance, no attempt to patch up the case in any improper way is seen. The only wholesome mode of trial is for the parties to put in, and be required to put in, their evidence·

upon all points upon which they are to put in evidence at all, before the judgment of the court is passed upon it. There are, probably, few cases tried but that the losing parties in which, or their counsel, are able afterwards to see, or think they see, some place where they could improve their side, if they had another opportunity. Still, it is better, in view of the whole, generally, that they should not have the opportunity. Nevertheless, there may be cases where the parties cannot bring themselves strictly within the rules for granting new trials, that the court might and, perhaps, ought, in the exercise of its discretion, while the matter is wholly under the control of the court, as in this case, before judgment, it is, to grant an opportunity to put in further evidence. In view of these considerations, the probable effect of the new evidence brought forward has been looked into. The evidence was full and clear that the plaintiffs owned and held both notes and coupons. The deposition of the notary tends to show that he had only the coupons. The action is upon the notes themselves, for not paying the interest, according to the contract in the notes, on presentation of the coupons. Ordinarily, the instrument endorsed should be presented when demand of payment is made, in order that, upon payment, it may be delivered up. Freeman v. Boynton, 7 Mass. 483; Shaw v. Reed, 12 Pick. 132. In this case nothing but the coupons were to be delivered up. The notes would be retained properly and necessarily. Notice to the endorser could not be dispensed with, but that was properly given, as is expressly conceded. The contract was, that payment should be made when the coupons were presented. They were presented and payment was not made, so there was clearly a default of the maker, of which the endorser had due notice, as is also conceded. This would seem to be sufficient, whether the notary learned whom to notify from the endorsements themselves, as was before inferred by the court, or otherwise. Gilbert v. Dennis, 3 Metc. [Mass.] 495.

Besides, on further consideration of the terms of this guaranty, it seems probable that the defendant might be liable upon that alone. The only question about that is, whether it would follow the note into the hands of the plaintiffs, as bearers merely, to whom the guaranty was not otherwise made. The guaranty and endorsement are placed together over one signature, and the defendant guaranteed the payment of the notes, and ordered the contents paid to the bearer, at the same time. Such contracts are construed according to the expressed intention of the parties, as it is to be collected from the words used. Good v. Martin, 95 U. S. 90. In view of the form and connection of the guaranty, it may well be understood, as suggested by one of the defendant's counsel on this argument, that the intention was that the notes should take the guaranty into circulation with them, and that the guaranty should run to the bearer, the same as the endorsement.

In arguing these motions it was still insisted, that the defendant became a mere accommodation guarantor or endorser, and that all its undertakings in that direction were ultra vires. But, for the reasons before stated, the consideration was adequate and moved directly to the benefit of the defendant, and the statute quoted, as well as the general principles of the common law without the statute, brought the giving such notes, or becoming parties to them in other forms to the same effect, clearly within the scope of the corporate powers of the defendant. So, the evidence, if in, would not be likely to produce any different result, and there is no just occasion for delaying the cause to receive it.