TAYLOE (BARNARD v.). See Case No. 1,008.

TAYLOE (CENTRAL BANK v.). See Case No. 2,548.

## Case No. 13,769.

### TAYLOE v. DAVIDSON.

### [2 Cranch, C. C. 434.] 1

Circuit Court, District of Columbia. Oct. Term, 1823.

NOTES—INDORSER—PAYMENT DEMANDED OF MAKERS—BY WHOM MADE.

1. Upon a promissory note, dated at Georgetown, D. C., by which T. C. and J. W. (not being in partnership, and one of them residing in Maryland,) jointly and severally promise to pay to L. G. D. or order, $600, eighteen months after date, it is necessary, in order to charge the indorser, that payment should have been, in due time, demanded of each of the makers of the note, although one of them resided in Maryland, out of the jurisdiction of this court, when the note was given, and when it became payable.

2. It is not necessary that payment of a promissory note should be demanded by a notary public.

3. The demand may be made by any other agent of the holder.

Assumpsit [by John Tayloe], against the indorser of a promissory note, made by Thomas Crawford, and John Winemiller, dated at Georgetown, D. C., May 10th, 1820, by which, eighteen months after date, they did "jointly and severally agree and promise to pay to Lewis Grant Davidson, or order, $600, for value received." This note was indorsed by the payee, the defendant, to the plaintiff. The plaintiff in his declaration avers, that on the 13th day of November, 1821, "he showed and presented the said note, with the indorsement so made thereon, as aforesaid, to the said Thomas Crawford and John Winemiller, and each of them, and then and there required the said Thomas Crawford and John Winemiller, and each of them, to pay the same; but the said Thomas and John, or either of them, did not pay," &c. Mr. Whetcroft, the notary public, who resides in the city of Washington, at the request of the Bank of the Metropolis, whose banking house is in Washington, demanded payment of Crawford, who resides in Georgetown, (but did not demand payment of Winemiller, who resided in Montgomery county in Maryland, a few miles from Georgetown,) on the 3d day of grace, and on the following day, put a letter into the post office in Washington, directed to the defendant at Georgetown, in time for the mail of that day, informing him that the note had been delivered to him by the Bank of the Metropolis, and that, not being paid, he had protested it and returned it to the bank.

Mr. Key and Mr. Dunlop, for defendant, contended that the defendant was not liable because payment had not been demanded of

---

1 [Reported by Hon. William Cranch, Chief Judge.]

both of the makers of the note, and a verdict for the plaintiff was taken, by consent, subject to the opinion of the court upon that point.

Mr. Forrest and Fleet Smith, for plaintiff, contended that Crawford and Winemiller were to be considered as joint partners. De Berkom v. Smith, 1 Esp. 29. The notary, perhaps, could not have made the demand upon both on the same day. If the drawee of a bill never resided at the place in which he is stated in the bill to reside, it excuses the want of demand, because the drawer undertakes that the drawee shall be found in that place. 1 Chit. 213, 214, 335; Ireland v. Kip, 11 Johns. 231. The note is joint and several. The plaintiff may elect to treat it as a several note. If both drawers had resided in Georgetown, a demand upon one would have been sufficient. Anderson v. Drake, 14 Johns. 114. Winemiller resided out of the District of Columbia, which is as distinct from Maryland as Albany was from Canada in the case of Anderson v. Drake, 14 Johns. 114. Chit. 49; Carvick v. Vickery, 2 Doug. 653, note; Whitcomb v. Whiting, Id. 651; Caswell v. Coare, 2 Camp. 82.

THE COURT took time, till the next term, to consider, and on the 14th of April, 1824, CRANCH, Chief Judge (the other judges assenting), delivered the following opinion:

I have not been able to find any case in the books exactly in point. In Carvick v. Vickery, 2 Doug. 653, the bill was drawn by two who were not in partnership, in this form: "Pay to us or our order," and was indorsed by one only. The court held that they were to be considered as partners in that transaction, and that the indorsement of one alone was sufficient; but on the trial it was proved by bankers, that by the uniform custom and usage of business, the indorsement of both was necessary, and so the jury decided, and I think correctly. Even in cases of general partnership, if the transaction be with one of the firm for his own separate benefit, the others are not bound, unless they had notice. Bignold v. Waterhouse, 1 Maule & S. 259. If a bill be drawn on two persons, not partners, an acceptance by one is not sufficient. Marius, 16; Carvick v. Vickery, 2 Doug. 653. It seems from this, that such a bill must be presented to both for acceptance; and if accepted, must be presented to both for payment before it could be so dishonored as to make the drawer liable. It seems to me that the undertaking of the defendant in the present case, as indorser of the note, was, that he would pay it, if the makers of the note did not, when payment should have been properly demanded of them. If either of them should pay it, the indorser would be discharged. He did not undertake, that if either of the makers should refuse to pay it, he would; but that if all of them refused to pay it, then he would be responsible. Otherwise the greater the number of makers, the greater the risk he would run of being obliged to pay it in the first instance;

for the holder might choose to demand it of the only insolvent among them.

Upon general principles, then, I think that payment should have been demanded of each of the makers. But it is said that Winemiller, upon whom no demand was made, resided in Maryland, out of the jurisdiction of the court, and therefore the plaintiff was not bound to demand payment from him; and a case in 14 Johns. 114, is relied upon. That case is only alluded to by the judge, who does not even give the name of the case, nor of the court by which it was decided, nor the date of the decision. It was also a case of removal. But Winemiller has always resided in Maryland, since and before the date of the note; at least there is no evidence to the contrary. If he had been the sole maker of the note, and had always resided in Maryland, I should suppose there could be no doubt that the demand must have been made upon him. The circumstance that another is jointly and severally bound with him, cannot, in my opinion make any difference in that respect.

In Fisher v. Evans, 5 Bin. 541, it is decided that it is not sufficient to look for the drawer at the place where the bill is dated, if his residence be elsewhere. His being out of the jurisdiction of the court makes no difference. The notary who made the demand upon Crawford in Georgetown, was not bound, as a notary, to go out of his jurisdiction, whatever may have been his duty as agent of the plaintiff; but this did not discharge the plaintiff from the obligation of making the demand. It was not necessary that it should be made by a notary public; a demand by any other agent would have been sufficient. From the circumstance that the note is dated at Georgetown, I think it cannot be inferred that it was to be paid there, or that the defendant undertook that the makers should be found there when the note became payable, so as to dispense with a demand of payment at the actual residence of the makers.

It is said that where there are a great number of joint and several makers of a note, it may be impossible to make demand upon all of them on the same day. This is true; and if such were the case, the law would not require the demand to be made upon all on the same day, for it never requires impossibilities. But this would go only to dispense with the time of the demand, not with the demand itself. Freeman v. Boynton, 7 Mass. 483. The drawer of a bill undertakes that the drawee shall be found at the place of his residence described in the bill, when presented for acceptance; but he does not undertake that he shall remain or be found there when the bill becomes payable. If he be found there when the bill is presented for acceptance, and accept the bill, and afterwards remove, I apprehend the holder is bound to use due diligence to ascertain the place to which he had removed, and to demand payment there. In

the absence of direct authority on the subject, I feel bound, upon general principles in analogous cases, to decide that the defendant is discharged from his liability by the neglect of the plaintiff to demand payment from Winemiller, one of the joint and several makers of the note.

Judgment for the defendant.