[No. 1977. Decided January 13, 1896.]

. W. C. BENEDICT, *Respondent*, v. ARTHUR SCHMIEG *et al.*, Defendants, A. C. FREEBORN, *Appellant.*

JOINT AND SEVERAL NOTE — PRESENTMENT FOR PAYMENT — NOTICE OF PROTEST BY MAIL.

In order to bind an indorser of a note joint and several in form, presentment must be made to all the makers.

Notice of protest of a promissory note to an indorser residing in the same city as the makers, by mailing same to him without giving his street and number is not equivalent to personal service.

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge. Reversed.

*Alex. R. Jones*, for appellant:

In order to charge the indorser of a negotiable instrument, the note must be presented when due, and demand of payment made personally on all of the makers. Edwards, Notes and Bills, § 485; *Bank of Red Oak v. Orvis*, 40 Iowa, 332; *Graul v. Strutzel*, 36 Am. Rep. 250; *Blake v. McMillen*, 33 Iowa, 150; *Shutts v. Fingar*, 100 N. Y. 539; *Willis v. Green*, 5 Hill, 232 (40 Am. Dec. 351).

Where all the parties live in the same city a notice of non-payment by the holders must be made personally to the indorsers, or they are discharged from liability. *Patrick v. Beazley*, 38 Am. Dec. 456; *Stephenson v. Primrose*, 33 Am. Dec. 281; *Forbes v. Omaha National Bank*, 10 Neb. 338 (35 Am. Rep. 480); *John v. City National Bank*, 62 Ala. 529 (35 Am. Rep. 35); *Williams v. Bank of United States*, 2 Pet. 101; *Vance v. Collins*, 6 Cal. 436; *Davis v. Gowen*, 19 Me. 447; *Gilchrist v. Donnell*, 53 Mo. 591; Parsons, Notes and Bills, § 343; 2 Daniel, Neg. Inst., §§ 1005–1009; Story, Promissory Notes, §§ 312, 315, 320.

A promise by an indorser to pay in case the maker does not is not a waiver of demand and notice. *Isham v. McClure,* 58 Iowa, 515: *Freeman v. O'Brien,* 38 Iowa, 406.

*Condon & Wright,* for respondent:

Notice of non-payment may be sent to the indorsers of a promissory note through the United States mail, provided there is a "free delivery system" in connection with the postoffice, and provided, also, that the indorsers live within the limits of the free delivery system, even though all the parties reside in the same city. *Walters v. Brown,* 15 Md. 285 (74 Am. Dec. 566); *Hilton v. Fairclough,* 2 Camp. 633; *Munn v. Baldwin,* 6 Mass. 316; *Bank of Columbia v. Lawrence,* 1 Pet. 578; 3 Randolph, Commercial Paper, § 1302; 2 Daniel, Neg. Inst. §§ 1008–1010; 3 Story, Promissory Notes, § 323; Chitty, Bills (11th Am. ed.), 472*a*, 483; Bigelow, Bills and Notes, pp. 308, 309.

An absolute promise by an indorser before or after maturity to pay a note, or a promise to pay it in case the makers do not do so, is a waiver of demand and notice. *Lane v. Steward,* 20 Me. 98; *Boyd v. Cleveland,* 4 Pick. 525; *Sigerson v. Mathews,* 20 How. 496, *Sieger v. Second National Bank* 19 Atl. 217; *Davis v. Miller,* 55 N. W. 89; 3 Randolph, Commercial Paper, § 1370; 2 Daniel, Neg. Inst., § 1093; 1 Parsons, Notes and Bills (1st ed.), pp. 584, 585. And the waiver need not be specially pleaded. *Smith v. Poillon,* 87 N. Y. 594 (41 Am. Rep. 402).

The opinion of the court was delivered by

Hoyt, C. J.—Appellant was sued as an indorser of a note joint and several in form, signed by two makers. The undisputed proof showed that no demand for pay-

ment had been made upon one of the makers at the time notice of dishonor was sought to be given to the indorser. It further appeared that all the parties to the note lived in the city of Seattle; that the appellant had a place of business therein, well known to the bank with which the note was left for collection; that no attempt was made by said bank, acting for the owner of the note, or by anyone else, to serve personally upon the appellant notice of the dishonor of the note. The only attempt to give such notice was to deposit it in the postoffice directed to the appellant at Seattle; without giving as a part of such direction the street or number in said city to which it should be delivered. For the reason that it appeared from these undisputed facts that the necessary steps had not been taken to charge the appellant as an indorser of the note, he, at the close of the testimony, moved the court for a judgment in his favor. This motion was denied and the cause submitted to the jury under instructions which authorized a verdict for the plaintiff, if it was found among other facts that presentment for payment to one of the makers was made upon the day the note fell due, and that notice of dishonor was deposited in the postoffice addressed to the indorser so that in the ordinary course it should have reached him on the day that the note was dishonored, or the day after. The verdict was for the plaintiff and judgment was duly entered thereon.

If presentment to each of the makers of a joint and several promissory note was necessary, or if the deposit in the postoffice of a notice of dishonor, directed generally to the indorser living in the same city was insufficient, the judgment must be reversed; and if the judgment is reversed for either of these reasons the action should be dismissed as to appellant, unless,

by some affirmative action on his part shown by the proofs, he had made himself liable to pay the note.

There was some testimony tending to show that at the time the note was discounted he said that he would see it paid, but there was nothing tending to show that at any time after it became due he made any promise in relation to its payment. Any statement that he may have made at the time he discounted the note, which did not amount to an express waiver of demand and notice, could add nothing to the contract which he entered into by indorsing it. That the note must be presented to each of the "joint" makers in order that an indorser may be charged, is conceded by the respondent, but it is claimed that presentment to one of the makers of a note joint and several in form is sufficient. The ground of this contention is that the holder of such a note may at his option treat it as the several note of any one of the makers; that the indorsement must be presumed to have been made in view of this right, and that for that reason the holder would bind the indorser by presenting it to any one of the makers whose several note he saw fit to consider it. It is doubtful whether the single contract of the indorser can be divided so as to in fact constitute as many separate contracts as there are makers to the note. It would be more reasonable to presume that the contract of indorsement was in reference to the note as an entirety, and was made upon the credit of all of the makers, and that the right of the holder to enforce it as the several contract of one of them does not include the right to divide the single contract of the indorser. It is suggested that by reason of different places of residence it is frequently impossible to present the note for payment to each of the several makers on the day the note becomes due. But this objection

applies as well to joint makers as to those joint and several. If the makers are so situated that it is not reasonable to require a presentment to each of them, that fact will excuse such presentment.

The respondent has cited but one case which fully sustains his contention, that of *Harris v. Clark*, 10 Ohio, 5, and the reasoning of the court in that was upon grounds conceded to be untenable. The reason there given why a presentment to one maker was sufficient, was that by signing the note together the several makers constituted themselves, so far as the making of the note was concerned, partners, and for that reason service upon one, under well settled general rules, was a service upon all.

Respondent also cites some of the text-writers, but with the single exception of Judge Story there is no attempt by any of them to give any reason for their claim that presentment to one of several makers should be sufficient, and even that distinguished author and jurist does no more than refer to the case above cited, and say that, though the decision therein could not be sustained upon the ground stated in the opinion, it might be upon the theory that it was only necessary to make presentment to one of the makers of a note joint and several in form.

The appellant cites a large number of cases tending to establish the rule that presentment to each of the makers is necessary. The respondent claims that but one of these is in point, for the reason that it does not appear that the notes which were under consideration were joint and several in form. As to some of them this is no doubt true, but the fact that in none was there any statement that tended to show that there was any difference in the presentment necessary to charge an indorser by reason of the "joint" or "joint and

several" form of the note showed that no distinction on that account was recognized. In many of the cases in which from the facts it appears that the note was joint and several in form, the court speaks of the makers as "joint," from which it is clear that by the use of the word "joint" it was not intended to refer to the nature of the liability of such makers, but only as to the fact that they had joined in making the note. And from a careful reading of the opinions in other cases it is probable that the word "joint" was used in the same sense. Hence much force is taken from the argument to the effect that none of the cases which speak of "joint" makers and hold that presentment must be made to all of them are to be taken as authority in favor of the contention of appellant.

It is conceded that in the case of *Shutts v. Fingar*, 100 N. Y. 539 (3 N. E. 588, 53 Am. Rep. 231), the court was considering a note joint and several in form and that the decision fully supports the contention of the appellant.

The case of *Union Bank v. Willis*, 8 Metc. (Mass.) 504 (41 Am. Dec. 541), not cited in the brief of appellant, is also directly in point. The principal question decided was as to whether one of the parties to the note was a maker or indorser; the court held that he was a maker; that he was one of the joint and several makers, and further held that for the reason that no presentment had been made to him, the indorsers were discharged. The opinion concludes as follows:

"To apply the law to the facts as proved in the case before us, Thompson and Mirick & Co. stand in the relation of joint and several promisors. Payment of the note was demanded of Thompson, but not of Mirick & Co. The defendant is an indorser, liable only upon legal notice of a demand upon the promisors

and a refusal by them to pay the note: and we are of opinion that he has a right to avail himself of this neglect to make demand on Mirick & Cd., to discharge himself from his liability as indorser."

Other cases might be cited which either expressly or by necessary intendment establish the rule contended for by appellant; but in view of the fact that but a single case has been found expressly holding to the contrary and of the fact that the reasoning of that case has been criticized by every court which has referred to it, we do not think it necessary to cite them. It is true that respondent claims that the case of *Mc-Clelland v. Bishop*, 42 Ohio St. 113, affirms that of *Harris v. Clark, supra;* but an examination will show that the language relied upon was qualified and was only used by way of argument upon a point not necessary to the decision of the case. So that, the rule in Ohio must be held to depend upon the single case of *Harris v. Clark*. And that one has been in some degree discredited by the case of *Greenough v. Smead*, 3 Ohio St. 415. In this case, the question, as in the Massachusetts case above cited, was as to whether one of the parties to the note was a maker or an indorser, and the court by one of the ablest jurists that ever graced the bench of that or any other state, RUFUS P. RANNEY, at considerable length discussed that question for the purpose of showing that he was an indorser, and that no presentment to him was necessary to charge the defendant who was also an indorser. Such discussion would have been entirely unnecessary, if the court had been content to rely upon the law as announced in the case of *Harris v. Clark*. Under the law thus announced no presentment to Greenough would have been necessary, for the form of the note which is set out in the opinion shows that, if he was

a maker, he was jointly and severally liable with the
other maker.   The form of the note was identical
with that of the one indorsed by the appellant, and
was clearly such that those who signed it became
liable jointly and severally and not simply jointly.
From the fact that such was the form of this note the
language of the court hereinafter set out furnishes a
good example of the practice hereinbefore referred to
to speak of the joint makers of a note not with refer-
ence to the character of their liability but as to their
having joined in its execution.   The court having,
after a full discussion, come to the conclusion that
Greenough was an indorser and not a maker of the
note, proceeded as follows:

"This view of the subject makes it unnecessary to
pass upon the question made, as to the sufficiency of
the demand.   It may not be improper, however, to say
that if Greenough could be treated as a joint maker,
we should be of the opinion that the demand made,
or rather the excuse for not making a demand, would
be insufficient to charge the indorsers.   The question
is not covered by the case of *Harris v. Clark*, 10 O. R.
5, and we feel no hesitation in saying that the rule
there adopted should be confined to the precise state
of facts upon which the decision was made.   A de-
mand upon one of several partners in business, is
clearly sufficient, and the court, in that case, consid-
ered the several "makers of a joint and several prom-
issory note, in the light of partners in that particular
transaction."   But assuredly the principle could have
no application after the death of one of the parties
had terminated the implied agency of the survivor;
and it could not be deemed due diligence in the holder,
to present the note at the residence of the deceased
partner, when the survivor was within his reach."

On the whole, the weight of authority is so strongly
in favor of the rule that presentment to all of the

makers must be made not only when the note is joint in form but also when it is joint and several, that we feel compelled to adopt it.

It is conceded by respondent that all of the older cases uphold the doctrine that service of notice of protest cannot be made by mail where the parties to whom the notice was to be given and the makers reside in the same city; but it is claimed that since the inauguration of the carrier system in the larger cities a new rule has grown up as to the service of notice in such cities, and some authorities are cited in support of this claim. They seem to be founded upon sound reason, but it is not necessary that we should now determine as to whether or not the old rule has been changed by these modern conditions.   If service by mail in such cities is sufficient, it is for the reason that it is the duty of the postoffice officials to deliver it at the place of business or the residence of the person to be notified, so that it will be received by him in due course at such a time as would make it sufficient if then personally served.

But the notice in this case was not so directed as to make it the duty of the employees in the postoffice at Seattle to so deliver it.   It is true that some testimony was introduced tending to show that a notice directed as this one was would in due course have been delivered the day it was deposited in the office, or the succeeding day, but the duty to so deliver it was not so clearly shown that the appellant could be thereby deprived of his right to have a proper service made upon him.   It is a regulation or custom of the postoffice department to require letters designed to be delivered by carrier to be directed to the street and number to which they are to be delivered, and in the absence of such direction letters are not sure of being placed in

the hands of the carriers, but may instead go into the general delivery boxes of the office. Hence, it was not so clearly the duty of the postoffice officials to deliver a letter directed as was the one which contained this notice at the place of business of the appellant as to make the mailing of it equivalent to personal service.

The judgment must be reversed and the cause remanded with instructions to dismiss the action as to the appellant.

DUNBAR, ANDERS and GORDON, JJ., concur.

SCOTT, J., dissents.