[No. 8706.]

PRIOR v. SIMONSON.

NEGOTIABLE INSTRUMENTS—*Endorser—Presentment for Payment.* To charge the endorser of a promissory note, executed by two or more persons not partners, no place of payment being specified, presentment for payment must be made to each of the makers. (Rev. Stat., sec. 4541.)- (118.)

*Error to Denver District Court.* Hon. JOHN H. DENISON, Judge.

Mr. GRANT L. HUDSON and Mr. JOHN HORNE CHILES, for plaintiff in error.

Mr. LUTHER M. GODDARD, and Mr. J. E. SIMONSON, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This is an action by the plaintiff in error, against the defendant in error, as an endorser of a promissory note. The note was dated January 8th, 1909, in the sum of $3,000.00, payable three years after date, to W. G. Simonson, defendant, and signed by Henry J. Blesse and Julia L. Blesse. The note was purchased by the plaintiff for a valuable consideration, from the Rialto Investment Company, without recourse, but bearing the following prior endorsement: "Pay the Rialto Investment Company, or order. W. G. Simonson." The action is upon this endorsement. The defense was failure of presentment for payment to the makers at maturity; denial that payment was refused by the makers, and denial of notice to the endorser of presentment and refusal to pay.

At the close of plaintiff's testimony the court sustained defendant's motion for a non-suit, and rendered judgment accordingly. The testimony was conflicting as to whether or not there had been demand made for payment on Henry J. Blesse as provided by the statute. It is conceded that no such demand was made on Julia A. Blesse.

There is no evidence that the makers were in any sense partners. Under section 5120, Mill's Ann. Stat., 1912, presentment for payment, is necessary in order to charge the endorser upon the admitted facts in this case. Sections 5127 and 5128, Mill's Ann. Stat., 1912, provide:

"5127.—Where the persons primarily liable on the instrument are liable as partners, and no place of payment is specified, presentment for payment may be made to any one of them, even though there has been a dissolution of the firm.

5128.—Where there are several persons, not partners, primarily liable on the instrument, and no place of payment is specified, presentment must be made to them all."

There is nothing in the record to indicate that the makers of the note were partners; no place of payment is specified in the note; therefore the statute commands that presentment shall be made on all the makers of the note. This is a condition precedent to recovery from the endorser.

Presentment was not made on Julia L. Blesse, one of the makers, and primarily liable on the note, and for such reason recovery cannot be had against Simonson the endorser. This is not only the plain requirement of the statute, but the general rule of law as well. 7 Cyc. 1001; *Shutts v. Fingar,* 100 N. Y. 539, 3 N. E. 588, 53 Am. Rep. 231; *Benedict v. Schmeig,* 13 Wash. 476, 43 Pac. 374, 36 L. R. A. 703, 53 Am. St. 61; *Nave v. Richardson,* 36 Mo. 131.

The reason for the rule is well stated in *Taylor v. Davidson,* 2 Cranch. C. C. 434, Fed. Cas. 13,769, as follows:

"It seems to me that the undertaking of the defendant in the present case as endorser of the note was, that he would pay it if the makers of the note did not, when payment should have been properly demanded of them. If either of them should pay it, the endorser would be discharged. He did not undertake that if either of the makers should refuse to pay it, he would; but that if all of them refused to pay it, then he would be responsible. Otherwise, the greater the number of the makers the greater the risk he would run of being obliged to pay it in the first instance, for the holder might choose to demand it of the only insolvent among them. Upon general principles, then, I think payment should have been demanded of each of the makers."

The judgment is affirmed.          *Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE GARRIGUES concur.